**UNITED STATES of America**

v.

**Wendell JEFFERSON.**

**Crim. Action No. 3:03cr0063-T.**

United States District Court,
M.D. Alabama,
Eastern Division.

April 30, 2004.

Susan R. Redmond, Montgomery, AL, for Plaintiff.

Connie Jo Cooper, Phenix City, AL, for Defendant.

## AMENDED ORDER

MYRON H. THOMPSON, District Judge.

On March 17, 2004, this court sentenced defendant Wendall Jefferson to 438 months in prison. Then, on April 6, 2004, the court then received a letter, dated April 5, from Jefferson, which indicated that he may wish to pursue an out-of-time appeal. A hearing was held before this court on April 29, 2004, at which Jefferson was present, to clarify his request. For the following reasons, the court now construes Jefferson's letter as a motion to file appeal out of time, and grants the motion.

### I. BACKGROUND

As was explained in great detail in *United States v. Jefferson*, 302 F.Supp.2d 1295 (M.D.Ala.2004), this case involves significant questions about the proper statutory construction of 18 U.S.C.A. § 924(c)(1)(a), which requires the court to impose an enhanced sentence for a "second or subsequent conviction" of possession of a firearm in furtherance of a drug trafficking offense. Jefferson has not contested his guilt. However, he wishes to appeal this court's interpretation of the meaning of "second or subsequent conviction."

Jefferson entered a plea agreement, and the government agreed not to indict his wife if he pled guilty to all six counts in the indictment. All parties agree that the

written plea agreement does not contain a statement waiving Jefferson's right to appeal or collateral attack. Notwithstanding this, under the perception that Jefferson had waived his right to appeal, the government stated to Jefferson's counsel that it would pursue charges against Jefferson's wife if he filed an appeal.

It was not until the April 29 hearing that this matter was clarified. The government stated, on the record, that it would abide by the written agreement and would not indict Jefferson's wife if he appealed.

## II. DISCUSSION

The time for filing an appeal in a criminal case is governed by Rule 4(b) of the Federal Rules of Appellate Procedure. Generally, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of either the judgment or the order being appealed. . . ." Fed. R.App. P. 4(b)(1). However, "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R.App. P. 4(b)(4). The date of the entry of judgment is defined as the day it was entered on the criminal docket. Fed. R.App. P. 4(b)(6).

Applying these rules, if Jefferson is granted an extension, he has until May 3, 2004 to file an appeal.* At the hearing before the court, Jefferson confirmed that he wished to file an appeal. Therefore, the court construes his letter as a motion for extension of time.

Furthermore, the court finds that good cause and excusable neglect exist such that Jefferson's motion should be granted. *See Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir.1996) (holding that the flexible and lenient analysis of "excusable neglect" that was developed in *Pioneer Inv. Servs. Co. v. Brunswick Assos. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993), should be applied in determining whether an extension of time for filing an appeal should be granted). *Pioneeer* held that courts should "take account of all relevant circumstances surrounding the party's omission . . . [including] the length of the delay . . . the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. at 395, 113 S.Ct. at 1498. The court in *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir.1996), applied the Supreme Court's definition of "excusable neglect" to determinations under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, and noted that other courts had applied *Pioneer* to Rule 4(a)(5)'s criminal counterpart, Rule 4(b).

Substantial confusion existed, on the part of both the government and Jefferson's counsel, regarding whether Jefferson in his plea agreement had waived his right to appeal in exchange for assurance from the government that his wife would not be indicted. Apparently, such a waiver was contemplated but not included in the written plea agreement.

---

* Jefferson originally had ten days from March 19, 2004, the date his judgment was entered, to file his notice of appeal. Weekends are excluded from this calculation. Fed. R.App. P. 26. Therefore, he had until April 1, 2004, to file a notice of appeal without requesting an extension. Thirty days from this date, which is when his notice of appeal would be due if an extension is granted, is May 1, 2004. Because May 1, 2004, falls on a Saturday, Jefferson's notice of appeal would be due May 3, 2004.

Understandably, Jefferson was not able to make an informed decision regarding whether to file an appeal until the terms of his plea agreement were clarified. In fact, Jefferson was reduced to tears when told (before the government clarified its position) that he would need to make a choice between not pursuing his appeal or risking that his wife would be indicted and his child left without a parent. He was unable to make such a decision, and told the court as much, stating that, while he believed he had the right to appeal, he could not take the chance that his wife might be indicted. As he said to the court, his wife and his son are all that he has.

Furthermore, the court notes that Jefferson wrote to the court and attempted to clarify this matter, and that, given the length of Jefferson's sentence, denying the extension would greatly prejudice him. Therefore, the court finds an extension of time should be granted.

## III. CONCLUSION

For the above reasons, the court concludes that Jefferson meets the requirements of Federal Rule of Appellate Procedure 4(b), and is thus entitled to an extension of time to file his notice of appeal.

However, before closing the court is compelled to add these comments to all prosecutors and all defense attorneys. As the court watched Jefferson, tears in his eyes, pace back and forth in open court, and when he finally asked to be taken back to his cell because he was unable to choose between appealing his case (which he believed he had a right to do) and risking the indictment of his wife (with the added result that his child might be left without a parent), the court could not help but recall a wrenching part from William Styron's novel, "Sophie's Choice." There, Sophie, with her small son and small daughter, had been sent to a Nazi war camp. The Nazi soldiers said to her: "Pick one. Which one do you want?" Sophie said she could not choose between her children. The Nazi soldiers said if she didn't pick one, she would lose them both, so she picked one, and, of course, had to suffer living with herself afterwards. Jefferson, unlike Sophie, chose not to choose and, in evident exasperation, asked to be taken back to his cell.

While the practice of not indicting a loved one in exchange for a guilty plea and waiver of other rights is an accepted, and perhaps sometimes even useful and fair, prosecutorial bargaining tool, prosecutors and defense attorneys who engage in this practice must be aware of how easy it is to cross the line between what is fair and just and humane and what is simply inhumane. Fortunately for Jefferson, he had a prosecutor who, although she believed she had credible inculpatory evidence against Jefferson's wife, in the end commendably did not cross this line.

Accordingly, it is ORDERED as follows:

(1) Defendant Wendell Jefferson's letter, filed April 6, 2004 (Doc. no. 62), is treated as a motion for extension of time.

(2) Defendant Jefferson's motion for extension of time, is granted.

(3) Defendant Jefferson has until May 3, 2004, to file a notice of appeal with this court.